**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4501**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACKSON SUDDRETH TYLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Frank D. Whitney, Chief District Judge.  (5:17-cr-00021-FDW-DCK-1)

Submitted:  April 25, 2019                                    Decided:  April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackson Suddreth Tyler pleaded guilty to possession with the intent to distribute "MDMA" or "Ecstasy," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851 (2012), and discharging a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). The district court sentenced Tyler to a total term of imprisonment of 228 months—at the lowest end of the Sentencing Guidelines range, including a mandatory 120-month sentence on the firearm offense. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Tyler's counsel has filed a brief certifying that there are no meritorious grounds for appeal but raises for the court's consideration whether the district court clearly erred in applying a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2016). Tyler did not file a supplemental pro se brief and the Government declined to file a brief. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable will we consider its

2

substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Tyler's counsel focuses the court's attention on the district court's application of an obstruction of justice enhancement in calculating his Sentencing Guidelines range. "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1179 (2018); *see United States v. Andrews*, 808 F.3d 964, 970 (4th Cir. 2015) (applying clear error standard in reviewing district court's imposition of obstruction of justice enhancement). "Under the clearly erroneous standard, a district court's determination should be affirmed unless the [c]ourt is left with the definite and firm conviction that a mistake has been committed." *Padilla v. Troxell*, 850 F.3d 168, 174 (4th Cir. 2017) (internal quotation marks omitted).

The Guidelines provide for a two-level enhancement:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

USSG § 3C1.1.

3

We have reviewed the record with these standards in mind and conclude that the district court did not clearly err in finding that Tyler obstructed justice and properly applied the USSG § 3C1.1 enhancement. We further conclude that the district court imposed a procedurally and substantively reasonable sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Tyler's conviction and sentence. This court requires that counsel inform Tyler, in writing, of the right to petition the Supreme Court of the United States for further review. If Tyler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tyler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*